UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Patrick M. Powers; and Theresa M. Powers, | Civil No. 17-14 (DWF/LIB) |
| Plaintiffs, | |
| v. | MEMORANDUM OPINION AND ORDER |
| John Berg; and Jacobson Transportation Inc., | |
| Defendants. | |

---

Andrew L. Davick, Esq., and Anthony J. Nemo, Sr., Esq., Meshbesher & Spence, LTD, counsel for Plaintiffs.

Christopher P. Malone, Esq., and Peter M. Lindberg, Esq., Cousineau, VanBergen, McNee & Malone, P.A., counsel for Defendants.

---

# INTRODUCTION

This matter is before the Court on the Motion to Dismiss filed by Defendants John Berg and Jacobson Transport Inc. (Doc. No. 7.) For the reasons set forth below, the Court denies the motion.

# BACKGROUND

This case centers on a traffic accident between Plaintiff Patrick Powers and Defendant John Berg. Following the accident in 2011, Berg and his wife Ellen filed suit

against Patrick Powers in federal court in the District of Minnesota.[1] The Bergs asserted three causes of action: (1) Negligence; (2) Negligence Per Se; and (3) Loss of Consortium. The parties settled, but the settlement did not release any of the Powers' claims.

On January 3, 2017, Patrick Powers and his wife Theresa filed this action seeking damages from the same accident. On February 16, 2017, Defendants filed a motion to dismiss on the basis that the claims were barred under res judicata or as omitted compulsory claims under Fed. R. Civ. P. 13(a). (Doc. No. 7 ("Defs.' Memo.").) The Powers opposed the motion. (Doc. No. 20 ("Pls.' Opp.").)

## DISCUSSION

### I. Legal Standard

In deciding a motion to dismiss pursuant to Rule 12(b)(6), a court assumes all facts in the complaint to be true and construes all reasonable inferences from those facts in the light most favorable to the complainant. *Morton v. Becker*, 793 F.2d 185, 187 (8th Cir. 1986). In doing so, however, a court need not accept as true wholly conclusory allegations, *Hanten v. Sch. Dist. of Riverview Gardens*, 183 F.3d 799, 805 (8th Cir. 1999), or legal conclusions drawn by the pleader from the facts alleged, *Westcott v. City of Omaha*, 901 F.2d 1486, 1488 (8th Cir. 1990). A court may consider the complaint, matters of public record, orders, materials embraced by the complaint, and exhibits attached to the complaint in deciding a motion to dismiss under Rule 12(b)(6). *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999).

---

[1] *Berg v. Powers*, Civ. No. 11-3525 (D. Minn., Dec. 5, 2012).

To survive a motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although a complaint need not contain "detailed factual allegations," it must contain facts with enough specificity "to raise a right to relief above the speculative level." *Id*. at 555. As the United States Supreme Court reiterated, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," will not pass muster under *Twombly*. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). In sum, this standard "calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [the claim]." *Twombly*, 550 U.S. at 556.

## II. Application

In their motion, Defendants make two related arguments: (1) that the Powers' claims are barred by res judicata; and (2) that the Powers' claims are barred because they were compulsory counterclaims which should have been brought in the prior action. First, res judicata does not bar the Powers' claims. "For judgments in diversity cases, federal law incorporates the rules of preclusion applied by the State in which the rendering court sits." *See, e.g.*, *Welk v. Fed. Nat. Mortg. Ass'n*, 561 F. App'x 577, 579 (8th Cir. 2014) (quoting *Taylor v. Sturgell*, 553 U.S. 880, 891 n.4 (2008)). Here, because the first case was rendered in the District of Minnesota applying Minnesota law, the Court applies Minnesota law for res judicata, even though both cases were brought in federal court. *See id.*

In Minnesota, res judicata requires: (1) a final adjudication on the merits; (2) a subsequent suit involving the same cause of action; and (3) identical parties or persons in privity with the original parties. *G.A.W., III, v. D.M.W.*, 596 N.W.2d 284, 287 (Minn. App. 1999). While res judicata generally applies to all claims that the parties could have brought, there are exceptions. *Id.* at 288. Relevant here, res judicata does not bar a permissive counterclaim from being asserted in a subsequent suit. *Id.* Under Minnesota law, any counterclaim arising from a tort or personal injury is permissive. *House v. Hanson*, 72 N.W.2d 874, 878 (Minn. 1955). Here, because the Powers' claims are tort claims, they would have been permissive counterclaims in the earlier action. Thus, under Minnesota law, the Powers' claims are not barred under res judicata.

Second, Defendants argue that the Powers' claims are barred because they were compulsory counterclaims that should have been raised in the prior action. Defendants argue that federal law controls whether the claims were compulsory, and the Powers argue that Minnesota law controls. Both parties agree that if Minnesota law controls, then the Powers' claims were permissive counterclaims. (*See* Doc. No. 21 ("Defs.' Reply") at 2.)

The Court concludes that even if federal law applies, the claims are not barred. Federal Rules of Civil Procedure 13(a) outlines the rules for compulsory counterclaims in federal action. But "[a]ll Rule 13(a) does is command that certain claims be pleaded as counterclaims. It does not specify the consequences of failing to do so. Those consequences are given by the doctrine of res judicata, including its exceptions." *Allan Block Corp. v. Cty. Materials Corp.*, 512 F.3d 912, 917 (7th Cir. 2008) (Posner, J.); *see*

*also* Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Fed. Prac. & Proc.* § (3d ed. 2017) ("Considering the cases that have dealt with the problem of the omitted counterclaim as a group, most of the courts, but not all, have spoken in terms of 'res judicata' preventing the later assertion of the claim."). And because the Court has already concluded that res judicata does not bar the Powers' claims, the Court likewise concludes that the Powers' claims are not barred as an omitted compulsory counterclaim.

**ORDER**

Based on the files, record, and proceedings herein, and for the reasons stated above, **IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss (Doc. No. [7]) is **DENIED.**

Dated: June 16, 2017          s/Donovan W. Frank
                              DONOVAN W. FRANK
                              United States District Judge